UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARYL KEITH BURNETT, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-649-JD-MGG |
| RICHARD BROWN, et al., | |
| Defendants. | |

OPINION AND ORDER

Daryl Keith Burnett, Jr., a prisoner without a lawyer, filed a complaint (ECF 1) in the Southern District of Indiana naming eight defendants and complaining about actions taking place at both the Indiana State Prison and Wabash Valley Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On August 8, 2017, Burnett was charged with possessing a deadly weapon in violation of IDOC offense A-106 in case number ISP 17-08-0282. (ECF 1-1 at 1.) Burnett requested that evidence be considered that would have proved his innocence; namely, video evidence and witness statements. (ECF 1-3 at 1.) On August 14, 2017, Lieutenant

Kristine St. Martin, a disciplinary hearing officer, found Burnett guilty of the charge but did not let him present the evidence he requested. (ECF 1-2 at 1.) He was sanctioned with a ninety-day loss of earned credit time and a demotion in credit class. (*Id*.) On September 1, 2017, Burnett unsuccessfully appealed that finding to Warden Richard Brown. (ECF 1-4 at 1; 1-5 at 1 at 1.) He also appealed to Appeal Review Officer J. Lyttle. (ECF 1-6 at 1.) That appeal was denied on December 14, 2017. (*Id*.) Nonetheless, on October 5, 2018, the charge was dismissed, his lost earned credit time was returned to him, and the matter was expunged from his record. (ECF 1-7 at 1.) All lost credit time was restored. (*Id*.)

In his complaint, Burnett asserts a Fourteenth Amendment claim against the defendants for violating his right to procedural due process regarding his disciplinary hearing. (ECF 1 at 4-5.) "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. The complaint plausibly suggests that Lieutenant St. Martin denied Burnett his right to present evidence at the disciplinary hearing and that Warden Brown and Appeal Review Officer Lyttle condoned this procedural violation. Therefore, Burnett may proceed against them.

Burnett has also named Sergeant A. Lee, Officer M. Tustison, Captain Dykstra, Intelligence Officer Willie Parnell, and Officer A. Everly as defendants in his complaint.

2

However there is no indication from the complaint that these defendants played a role in preventing Burnett from presenting evidence or were otherwise involved in violating Burnett's due process rights. Therefore, Burnett will not be permitted to proceed against these defendants.

For these reasons, the court:

(1) GRANTS Daryl Keith Burnett, Jr., leave to proceed on a Fourteenth Amendment claim for money damages against Lieutenant Kristine St. Martin, Warden Richard Brown, and Appeal Review Officer J. Lyttle for violating his right to procedural due process by preventing him from presenting evidence at the disciplinary hearing on August 14, 2017;

(2) DISMISSES all other claims;

(3) DISMISSES Sergeant A. Lee, Officer M. Tustison, Captain Dykstra, Intelligence Officer Willie Parnell, and Officer A. Everly;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lieutenant Kristine St. Martin, Warden Richard Brown, and Appeal Review Officer J. Lyttle at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if it has such information; and

3

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Lieutenant Kristine St. Martin, Warden Richard Brown, and Appeal Review Officer J. Lyttle respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 14, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT