UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARYL KEITH BURNETT, JR.,

Plaintiff,

v.

CAUSE NO. 3:19-CV-649-JD-MGG

RICHARD BROWN, et al.,

Defendants.

OPINION AND ORDER

On September 29, 2020, Plaintiff Daryl Keith Burnett, Jr., a prisoner without a lawyer, and Defendants Richard Brown, Kristine St. Martin, and J. Lyttle, represented by counsel, attended a settlement conference before Magistrate Judge Andrew P. Rodovich. ECF 36. The settlement conference pertained to Burnett's three cases: *Burnett v. Brown*, 3:19-CV-649 (N.D. Ind. filed Aug. 20, 2019); *Burnett v. St. Martin,* 3:19-CV-673 (N.D. Ind. filed Aug. 27, 2019) and *Burnett v. Anton,* 3:19-CV-678 (N.D. Ind. filed Aug. 26, 2019). Because a settlement was not reached at the conference, the parties continued to negotiate and, on January 8, 2021, Burnett filed a motion to settle the case and made a settlement demand. ECF 55. On January 21, 2021, Defendants responded to Burnett with a counteroffer. ECF 77-1 at 1. A week later, on January 28, 2021, Burnett accepted Defendants' counteroffer. ECF 59 at 1, 71-1 at 2. On February 3, 2021, Defendants filed a notice advising the court the parties had reached a settlement agreement, subject to the approval of the Indiana Attorney General and Governor. ECF 60. The next day, on February 4, 2021, the court entered an order directing Defendants to file dismissal

documents by May 4, 2021 and vacated the pending motions. ECF 61. On February 15, 2021, Burnett signed a Release and Settlement Agreement (Agreement), memorializing his acceptance of Defendants' counteroffer, and releasing Defendants from his claims. ECF 77-2 at 1-4.

Almost two months later, on April 9, 2021, Burnett filed two motions asking the court to dismiss or permit him to withdraw the Agreement and set a trial date. ECF 68, 69-1. On April 21, 2021, Burnett filed another motion asking the court to enter judgment on the pleadings or, in the alternative, to issue a ruling on his April 9, 2021, motions. ECF 70. On April 23, 2021, Defendants filed a motion to enforce the Agreement. ECF 71. On May 4, 2021, the court gave Defendants until June 4, 2021, to finalize the settlement in Burnett's three cases. ECF 73, 74. On June 2, 2021, Defendants notified the court that the Indiana Attorney General and Governor had approved the settlement, asked for additional time to file dismissal documents, and filed a fully executed Agreement. ECF 76, 77-2 at 1-4. On June 14, 2021, Burnett filed another motion asking the court to withdraw the Agreement and set the cases for trial. ECF 78. Defendants' motion to enforce the settlement (ECF 71) is now ripe for decision.

Under Indiana law, settlement agreements are "governed by the same general principles of contract law as any other agreement." *Hampton v. ITT Commc'n Sys. Div.*, No. 1:10-cv-291, 2012 WL 2064510, at *3 (N.D. Ind. June 7, 2012) (quoting *Zukerman v. Montgomery*, 945 N.E.2d 813, 819 (Ind. Ct. App. 2011) (noting "[a]ll that is required to render a contract enforceable is reasonable certainty in the terms and conditions of the promises made, including by whom and to whom; absolute certainty in all terms is not

required")). The elements required to form a valid contract in Indiana are "an offer, an acceptance, consideration, and a manifestation of mutual assent." *Id*. (citing *In re Paternity of M.F.*, 938 N.E.2d 1256, 1259 (Ind. Ct. App. 2010)). Indiana "strongly favors settlement agreements" and "it is established law that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id*. at *4 (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)).

It is also well-established that "[p]ost-acceptance conduct does not retract an earlier acceptance." *Elustra v. Mineo*, 595 F.3d 699, 709 (7th Cir. 2010). Indeed, "[b]uyer's remorse . . . cannot undo a contract to which all parties have given their assent." *Newkirk v. Village of Steger*, 536 F.3d 771, 775 (7th Cir. 2008). Moreover, "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient." *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454-55 (7th Cir. 1986).

In this case, all of the elements required to form a valid contract under Indiana law were met when the parties entered into the Agreement. *See Hampton*, 2012 WL 2064510, at *3 ("an offer, an acceptance, consideration, and a manifestation of mutual assent" are required to form a valid contract). The record shows that, on January 8, 2021, Burnett filed a motion to settle his three cases demanding that Defendants pay him $3,000 for each case. ECF 55. On January 21, 2021, defense counsel responded to Burnett's motion by sending him a letter with a counteroffer to settle all three cases for

3

$1,000. ECF 77-1 at 1. A week later, on January 28, 2021, Burnett wrote a letter to defense counsel in which he accepted the $1,000 counteroffer:

> Hello I am in receipt of your response to plaintiff's settlement demand[] offer of $1,000. Yes, I am in agreement of your offer of $1,000. So it[']s okay to prepare and send the necessary paperwork for my review and signature. And sometimes my physical mail does not make it out [and] disappears. So I'm e-filing a response saying I agree to your offer of $1,000 for case n[umbers] 3:19-cv-649, 3:19-cv-673, [and] 3:19cv-678. In case you do not receive this letter, thank you.

ECF 71-1 at 2. On January 29, 2021, Burnett e-filed a response to Defendants' settlement offer stating he "accepts and agrees to the offer of $1,000" for his three cases. ECF 59 at 1. On February 15, 2021, Burnett signed the Agreement, thereby memorializing the parties' mutual assent to settle Burnett's three cases for $1,000 and releasing Defendants from his claims. ECF 77-2 at 1-4. Defendants notified the court, on June 2, 2021, that the Indiana Attorney General and the Governor had approved the settlement in Burnett's three cases. ECF 76 at 1. Given the record, the Agreement constitutes a valid contract under Indiana law.

After the parties entered into the Agreement, Burnett filed four motions asking the court to dismiss or withdraw the Agreement and set a trial date. ECF 68, 69-1, 70, 78. However, in his motions, Burnett has not explained why he would like the court to dismiss or withdraw the Agreement and he has not alleged that the Agreement is in some way invalid or unenforceable. *Id*. Instead, he appears to have simply changed his mind and no longer wishes to be bound by the Agreement. However, changing one's mind does not justify setting aside a contract. *Newkirk*, 536 F.3d at 775. Because there is

4

no basis for the court to grant Burnett's requested relief, Defendants' motion to enforce the settlement (ECF 71) will be granted.

As a final matter, Defendants have moved to extend the deadline to file dismissal documents. ECF 76. Good cause having been shown, the motion will be granted.

For these reasons, the court:

(1) GRANTS Defendants' Motion to Enforce Settlement (ECF 71);

(2) GRANTS Defendants' Motion to Extend Dismissal Documents Deadline and ENLARGES the time for Defendants to file dismissal papers to **July 5, 2021** (ECF 76);

(3) DENIES Plaintiff's Motion to Dismiss the Release and Settlement Agreement and Any Notice of Tentative Settlement Agreement and for the Court to Set a Date for a Trial by Teleconference or Video (ECF 68);

(4) DENIES Plaintiff's Motion to Receive or be Granted Permission to Withdraw Plaintiff's Release and Settlement Agreement and Pursue and Receive a Trial Date by Teleconference or Video (ECF 69-1);

(5) DENIES Plaintiff's Motion for Judgment of the Pleadings or for the Trial Court to Make a Ruling Granting Plaintiff's Motion to Withdraw His Settlement Agreement and Motion for Permission to Withdraw His Settlement Agreement (ECF 70); and

(6) DENIES Plaintiff's Motion for Judgment on the Pleadings on Motion to Withdraw the Settlement Agreement and Set the Cases for a Trial Date Within Seven Days by Teleconference or Video (ECF 78).

SO ORDERED on June 24, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT